FILED
JAN 0 8 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NOE MELENDEZ, | Civ. No. 07-875-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MORROW COUNTY SCHOOL DISTRICT, MARK BURROWS, and RONALD ANTHONY, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Defendant Morrow County School District ("MCSD") and defendant Ronald Anthony ("Defendant Anthony") (collectively "Defendants") each filed motions (docket numbers 99 and 102) for clarification of this court's November 19, 2009, Opinion and Order (docket number 98) on their

respective motions for summary judgment. Plaintiff Noe Melendez filed a motion (docket number 110) to strike the declaration of Julie Ashbeck, which Defendant Anthony filed in support of his motion for clarification.

*Motion to Strike*

All parties extensively briefed the summary judgment issues and submitted numerous exhibits, affidavits, and deposition transcript excerpts to support their respective positions. Ample time and space has been devoted to developing the disputed and undisputed facts on summary judgment and the record has long since closed. No further factual development is appropriate. The Ashbeck declaration now seeks to introduce new facts into the record regarding this court's prior ruling on summary judgment, and Defendant Anthony makes no showing that the facts offered could not have been offered previously to support his summary judgment briefing. Therefore, Plaintiff's motion to strike the Ashbeck declaration is granted.

The court notes that Plaintiff also submitted his own declaration to support his opposition to the motions for clarification. For the same reasons that justify striking the Ashbeck declaration, the court strikes the Melendez declaration.

*Motions for Clarification*

Defendants collectively ask this court to clarify findings of fact numbers 5, 12, 13, 14, and 16, which were among the court's twenty-one individual findings of fact made in response to Defendant Anthony's Rule 56(d)(1) request incorporated into his summary judgment motion. The court has reviewed Defendants' motions and Plaintiff's responses to those motions, as well as the parties' respective concise statements of material facts and their related responses and replies. Defendants' motions are granted in part and denied in part, as follows:

1. Finding No. 5: Denied.

2. Finding No. 12: Granted in part. This finding is modified to read as follows:

> Melendez reported an incident of what he considered child abuse, the B.H. incident, to Defendant Anthony and subsequently reported the incident to the District and the Morrow County Police Department.

3. Finding No. 13: Denied. The court notes, however, that Defendants do not seek to vacate or modify this finding, but that they contend it causes Finding No. 14 to be misleading when the two are read in sequence.

4. Finding No. 14: Granted in part. This finding is modified to read as follows:

> The District performed an investigation into Melendez's complaints. As a result of the District's findings regarding Melendez's report of child abuse, Defendant Anthony was reprimanded and Rill was dismissed. Melendez received a coaching position.

5. Finding No. 16: Granted in part. This finding is modified to read as follows:

> At a District Executive Board meeting, Melendez again reported his complaints of racial discrimination and retaliation. The Board took no action on Melendez's complaints.

Accordingly, the court's November 19, 2009, Opinion and Order is hereby clarified as stated above.

DATED this 8th day of January, 2009.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge